UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORY BEAVERS,

        Petitioner,

   v.                                 CAUSE NO. 3:22-CV-154-DRL-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Cory Beavers, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (ISP-21-4-130) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing controlled substances in violation of Indiana Department of Correction Offense 202. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Mr. Beavers argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he committed the offense of possessing controlled substances.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report and an investigative report in which an investigator represented that orange strips had been found in the cuffs of Mr. Beavers' pants and that a field test indicated that they were suboxone. ECF 15-1; ECF 15-2. The administrative record also includes photographs of the orange strips of suboxone and the field test results. ECF 15-3. The conduct report, the investigative report, and the photographs constitute some evidence that Mr. Beavers possessed controlled substances. Mr. Beavers contends that there are inconsistencies with respect to dates and the number of orange strips, but the court does not perceive any such inconsistencies; and, even if it had, these inconsistencies would not materially undermine the finding of guilt. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

If Mr. Beavers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 10);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Cory Beavers leave to appeal *in forma pauperis*.

SO ORDERED.

November 21, 2022                              *s/ Damon R. Leichty*
                                               Judge, United States District Court